JS - 6

"O"

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **EMULEX CORPORATION,** | ) | **CASE NO. SACV 09-0677 AG (ANx)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| **v.** | ) | **REMAND** |
| | ) | |
| **BROADCOM CORPORATION;** | ) | Orange Count Superior Court |
| **DOES 1-100, inclusive,** | ) | Case Number 00123829 |
| | ) | |
| **Defendants.** | ) | |
| ——————————————— | ) | |

This case centers on a "hostile takeover" of Plaintiff Emulex Corporation ("Emulex") by Defendant Broadcom Corporation ("Broadcom"). On May 29, 2009, Emulex filed a complaint against Broadcom in California state court alleging four state law causes of action: fraud, unfair competition, intentional interference with contractual relations, and injunctive relief. Broadcom removed to this Court on June 8, 2009, asserting that Plaintiff's fraud claims actually involve substantial questions of federal securities law.

Emulex has now filed a motion to remand ("Motion"). After considering all papers and arguments submitted, the Court GRANTS the Motion.

**BACKGROUND**

On May 5, 2009, Broadcom commenced an all-cash, all-shares tender offer directly to Emulex shareholders for Emulex common stock at a price of $9.25 per share. (Federal Complaint ¶ 21.) On May 15, 2009, Emulex filed a complaint against Broadcom in federal court, asserting that Broadcom's tender offer and consent solicitation materials contained material misstatements and omissions in violation of federal securities laws. That complaint sought injunctive relief preventing Broadcom from making additional misstatements and from soliciting shareholders to tender Emulex shares. On May 19, 2009, Emulex filed this complaint against Broadcom in California state court. Emulex's state court complaint asserted four claims under California state law: fraud, unfair competition, intentional interference with contractual relations, and injunctive relief. Broadcom removed the complaint to this Court on June 8, 2009, asserting that federal subject matter jurisdiction is proper because Emulex's fraud claims actually involve substantial questions of federal securities law. Emulex now seeks an order remanding this case to California state court.

**ANALYSIS**

Emulex's first claim for fraud asserts that Broadcom is engaged in an ongoing scheme to "actively and criminally" conceal the nature and extent of "a decade of criminal behavior the likes of which has rarely been encountered in corporate America," and requests injunctive relief to prevent Broadcom from perpetrating a fraud. (*See* Compl. ¶¶ 25, 143-50.) Broadcom argues that subject matter jurisdiction in this Court is proper because "the fraud claim that Emulex pleads cannot be adjudicated without resolution of a substantial question of federal law." (Opp'n 1:9-10.) Specifically, Broadcom contends that Emulex's fraud claim raises substantial questions under the Williams Act, a 1968 amendment to the federal Securities and Exchange Act regulating tender offers. The Williams Act requires, among other things, that bidders include all details of their tender offer in their filings with the Securities and Exchange Commission and the

target company.  Broadcom also asserts that this Court should exercise supplemental jurisdiction over Emulex's remaining claims for unfair competition, intentional interference with contractual relations, and injunctive relief.

Absent diversity of citizenship, the right of removal is limited to civil actions "of which the district courts have original jurisdiction founded on a claim or right arising under" federal law.  28 U.S.C. § 1441(b).  A lawsuit "arises under" federal law only when "the plaintiff's statement of his own cause of action shows that it is based upon" federal laws.  *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).  Under the "well-pleaded complaint" rule, to determine whether a case arises under federal law, federal courts look solely to the necessary allegations of a plaintiff's complaint.  *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).  The rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts have a "strong presumption" against removal jurisdiction and should reject such jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  If a removed case is "not within the original jurisdiction of the United States district courts," the district court "must remand it to the state court from which it was removed."  *Franchise Tax Bd. v. Constr. Laborers Trust*, 463 U.S. 1, 8 (1983).  Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction.  *Gaus*, 980 F.2d at 566.

In *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), the Supreme Court announced a three-prong test to determine whether or not a state law claim necessarily implicates a significant federal issue and supports federal jurisdiction.  Under the *Grable* test, federal jurisdiction is appropriate if the court determines: (1) that the state law claim "necessarily raises a stated federal issue"; (2) that the federal issue is "both actually disputed and

substantial"; and (3) that a federal forum may entertain the issue "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Here, Emulex's complaint does not meet the first prong of the *Grable* test. The fraud claim against Broadcom does not "necessarily" raise a stated federal issue, and remand is appropriate.

Federal question jurisdiction is appropriate only where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); see also *Templeton Bd. of Sewer Comm'rs v. Amer. Tissue Mills of Mass., Inc.*, 352 F.3d 33, 38 (1st Cir. 2003) ("when the interpretation of federal law is outcome-determinative, subject matter jurisdiction may be properly exercised"); *Ricano v. Aurora Loan Servicing*, 2009 WL 1096042, No. CV 09-01989 SJO, at *1 (C.D. Cal. Apr. 22, 2009) ("When a [state law] claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." ). District courts have jurisdiction to hear by removal from state court "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Sparta Surgical Corp. v. National Assoc. of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998). A plaintiff "may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *Id.*

In *Grable*, for example, the plaintiff alleged an action for quiet title under state law. But the actual legal question to be resolved was "whether Grable was given notice within the meaning of the federal statute." *Grable*, 545 U.S. at 315. The Court found that this issue was "an essential element of the quiet title claim, and the meaning of the federal statute [was] actually in dispute." *Id.* In *Sparta*, the plaintiff sued the National Association of Securities Dealers ("NASD") under state law for de-listing Sparta's stock and then later re-listing it without explanation, in violation of NASD's own bylaws. Those bylaws were issued under the terms of the federal Exchange Act, which requires self-regulatory organizations to adopt rules and bylaws

4

to be approved by the Securities and Exchange Commission.  The Ninth Circuit upheld the district court's denial of remand, finding that "any claim stemming from NASD's decision to de-list an offering is necessarily based on an assumed violation of the rules governing such procedures," and that "[i]f NASD's actions conformed to the rules, there can be no viable cause of action." *Sparta*, 159 F.3d at 1212 (internal quotations omitted).

Here, by contrast, Emulex's fraud claim does not rely on construction or interpretation of the Williams Act, and the claim may be viable even if no Williams Act violation is found.  In the complaint here, Emulex alleges a wide range of fraudulent misrepresentations and omissions dating back several years, long before Broadcom made a tender offer to Emulex shareholders. Emulex alleges, for example, that Broadcom misrepresented the circumstances regarding Henry Nicholas' resignation from Broadcom in January 2003, that Broadcom used corporate funds to buy the silence of an employee with knowledge of Broadcom's marketing practices involving drugs and prostitution in January 2001, that Broadcom used corporate funds to buy the silence of Henry Nicholas' former assistant in June 2002, and that Broadcom and its co-founders perpetrated a "massive" options backdating scheme between 1999 and 2005.  (*See* Compl. ¶¶ 101, 105-06, 107, 46-81.)  In short, Emulex is alleging a decade's worth of securities fraud, misuse of corporate funds, witness tampering, and outright lying.  None of these allegations assert rights created by the Williams Act, which regulates disclosures made in tender offer and consent solicitation materials, and interpretation of the Williams Act is not needed to determine whether these allegations, if true, constitute fraud under California law.

Broadcom argues at length that Emulex's fraud claim fails under California law because, among other reasons, it is pre-empted by federal law.  But it is not the job of this Court, in determining whether federal jurisdiction is proper, to analyze the merits of Emulex's claims. Further, it is "settled law" that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (quoting *Franchise Tax Bd.*, 463 U.S. at 14)).  Broadcom's argument fails.

As the Supreme Court stated in *Grable*, it is improper for district courts to use the mere presence of a federal issue as "a password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314.  Broadcom asks this Court to do just that.  While Emulex's fraud claim may embrace a point of federal securities law, federal law did not create Emulex's claim and is not essential in determining whether Emulex has a right to relief.  *See Sparta*, 159 F.3d at 1212.  Federal jurisdiction is improper here, and this case must be remanded to California state court.

**<u>DISPOSITION</u>**

The Motion to Remand is GRANTED.

IT IS SO ORDERED.

DATED: June 29, 2009

_____
Andrew J. Guilford
United States District Judge